## THE PEOPLE v. OLIVIERI.

### APPEAL from the District Court of Ponce.

No. 114.—Decided December 6, 1907.

COMPLAINT—ASSAULT AND BATTERY—APPEAL.—Although where in a complaint for assault and battery it is not expressly stated that the accused illegally and with intent to cause injury attacked the complainant, such an omission would not be sufficient to render the complaint defective, because, according to the provisions of section 81 of the Code of Criminal Procedure it is not necessary that a complaint should contain such an allegation, as if it is stated therein what is the nature of the crime and the circumstances surrounding the commission thereof, in brief and concise language, so that any person of ordinary intelligence might understand it, the complaint will be deemed sufficient; and in any case, failure to make such an allegation could never be deemed as a fundamental error which would warrant the reversal of the judgment.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This cause originated in the Municipal Court of Coamo upon the following complaint:

"Juana Díaz, November 5, 1906. The Honorable Municipal Judge. Sir: On the night of Monday, the 3d instant, while in Villalba, in the bakery of Maximino Bracety, I was assaulted by Valentín Rodríguez

and Antonio Olivieri, who, after getting me on the floor, kicked me in the chest and body, and while Valentín held me Olivieri struck me, going to the extent of throwing the lamp of the Bracety's bakery at me, and finally Olivieri drew a revolver and pointed it at me, and had it not been for Primitivo Meléndez, who jumped at the same instant and grasped his arm, they would have killed me. The revolver was seized by Policeman Manuel Valentín, who took them to Villalba police quarters. The eyewitnesses to the act were Primitivo Meléndez, Baldomero Santiago, Norberto Ortíz and Maximino Bracety, the last of whom arrived a few moments after. I inform you hereof in order that you may take the action you may see fit. Respectfully, Sinforiano Colón. Sworn to and signed before me, M. Monclova, Justice of the Peace.''

Both defendants were convicted in the municipal court, and on being tried *de novo* in the District Court of Ponce, upon appeal taken from the judgment of the lower court, both Valentín Rodríguez and Antonio Olivieri were found guilty, the former of assault and battery and the latter of assault with a deadly weapon, and consequently both were sentenced to pay a fine of $50 each, or in default of payment, to be imprisoned in jail for 50 days and to pay one-half of the costs, thus partially affirming the judgment appealed from according to the statement of the judge.

Olivieri took an appeal to this Supreme Court from this judgment, although no bill of exceptions or statement of facts has been here presented; but counsel for the appellant has filed a brief in which he alleges the following grounds in support of the appeal:

''1. That the facts as related in the complaint do not constitute the crime of assault and battery in any of its various aspects, because it does not allege as it should have, according to the provisions of sections 71 and 72 of the Code of Criminal Procedure, that Olivieri unlawfully assaulted the complainant and with the intention of doing him bodily harm.

''2. That notwithstanding the fact that Olivieri has been charged with assault and battery only, he was guilty of assault with a deadly weapon; consequently an error has been committed which materially

affects his rights, as he was not given an opportunity to defend himself against the crime of which he was convicted, and thus the provisions of section 5 of the Penal Code in force have been violated.''

Let us examine both grounds of the appeal.

The complaint contains a statement, in ordinary and concise language, of the acts constituting the crime, and it is so drawn as to enable a person of common understanding to know what is intended.

It is true that it does not state that Antonio Olivieri unlawfully assaulted the complainant with the intention of doing him bodily harm; this is not necessary according to the provisions of section 81 of the Code of Criminal Procedure, and the complaint sets forth as fully as possible the nature of the crime and the circumstances attending its commission, the provisions of section 23 of said code therefore having been complied with.

At any rate, no objection was made to the complaint in the lower court, and the Supreme Court only has the power on appeal to take cognizance of material errors appearing in the record, when the proper exception has been saved in the lower court, according to the act relating to the reversal of judgments in criminal cases, approved May 30, 1904; and the error alleged, if it existed, could never be held to be material.

We do not understand how counsel for the appellant can affirm that Olivieri was charged only with assault and battery, when a perusal of the complaint reveals the fact that he was charged with assault and battery with a deadly weapon—that is to say, with a revolver which he pointed at Colón—and this being the case, it is evident that he had an opportunity to defend himself against the crime with which he was charged. The citation of section 5 of the Penal Code, alleged to have been violated, is superfluous.

We shall not close without calling attention to the fact that the Ponce judge, having rendered the judgment appealed from after holding a new trial, such judgment cannot be con-

sidered as based on the merits of the case which gave rise to the appeal and as partially affirming the judgment appealed from. We have so held on a number of occasions in various cases heretofore decided, among them Nos. 92 and 94, *The People of Porto Rico* v. *Pascasio Rivera,* and No. 93, *The People of Porto Rico* v. *Andrés Negroni,* decided respectively on the 11th, 14th and 24th of the month of October of the current year.

For the reasons stated the judgment appealed from should be affirmed, except in so far as it purports to partially affirm the other judgment appealed from of the Municipal Court of Coamo.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MácLeary and Wolf concurred.